### HATCHER et al. v. EATON et al.

No. 22959. Opinion Filed April 12, 1932.

Rehearing Denied May 24, 1932.

Owen & Looney and Paul N. Lindsey, for petitioners.

J. Berry King, Atty. Gen., R. D. Crowe, Asst. Atty. Gen, and Lawson, Rakestraw & Benson, for respondents.

HEFNER, J. This is an original proceeding in this court by R. C. Hatcher and the United States Fidelity & Guaranty Company to review an award of the Industrial Commission awarding compensation to M. P. Eaton.

The record discloses that claimant, on September 2, 1929, while in the employ of petitioner R. C. Hatcher, and engaged in doing carpenter work, fell from the roof of an awning which he was repairing and sustained a severe injury to his back. Claim was by him presented to the Industrial Commission, and on July 15, 1930, an order was made awarding him compensation at the rate of $18 per week from the date of the injury, and further ordered that compensation at that rate be paid him until further order of the Commission. Claimant was paid compensation under this order up to and including June 12, 1931, at which time payment was discontinued by petitioners, and a motion filed by them to determine extent of liability. A hearing on this motion was conducted by the Commis-

sion on October 8, 1931, at which time, among others, the following findings of fact were made:

"That on December 2, 1929, claimant herein sustained an accidental personal injury arising out of and in the course of his employment with the respondent, as a result of which the claimant has been since the date of said injury totally disabled from the performance of his regular duties as a carpenter, to and including August 3, 1931.

"That the average daily wage of said claimant at the date of his accident was $6 per day, whereas at the present time he can earn only about $1 per day.

"That by reason of said accidental injury the claimant sustained a permanent partial disability estimated by the Commission at three hundred weeks."

Upon these findings, the Commission awarded claimant additional compensation of $216 for total temporary disability, and the sum of $18 per week for 300 weeks for permanent partial disability.

Petitioners contend that the evidence is insufficient to sustain the finding of the Commission that, because of the injury, claimant's earning capacity has been reduced from $6 to $1 per day. The evidence is in conflict as to the per cent. of permanent disability which claimant has sustained. Several doctors testified that he had sustained a 25 per cent. permanent disability, while others testified that he is practically totally disabled from performing any manual labor. From this evidence, the Commission found that he had sustained a permanent partial disability and that his earning capacity had been reduced from $6 to $1 per day.

Claimant, in his brief, concedes that there is no evidence which directly establishes his present earning capacity, but urges that the finding of the Commission in this respect is favorable to petitioners and that they cannot therefore complain. In this connection it is claimed by him that there is evidence in the record which shows that claimant is permanently and totally disabled.

We think, taking the record in its entirety, it is sufficient to justify the award made by the Commission. The petition to vacate is denied.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.